CITY OF NEW YORK, et al., Plaintiffs,

v.

B.L. JENNINGS, INC., et al., Defendants.

No. 00 CV 3641(JBW).

United States District Court,
E.D. New York.

Jan. 13, 2004.

Alexandra S. Diamond, Daniel McCray, Eric Proshansky, Gail P. Rubin, Joan Weiner Margiotta, Lorna Goodman, Marjorie H. Mintzer, New York, NY, Allen Rostron, Brian J. Siebel, Dennis A. Henigan, Jonathan E. Lowy, Rachana Bhowmik, Washington, DC, for Plaintiffs.

Brian Preston Heermance, Morrison, Mahoney & Miller, LLP, John F. Renzulli, Renzulli & Rutherford, LLP, Leonard S. Rosenbaum, Renzulli, Pisciotti & Renzulli, LLP, Scott Charles Allan, Renzulli, Pisciotti & Renzulli, LLP, Thomas Patrick Battistoni, Balber Pickard Battistoni Maldonado & Van Der Tuin, PC, Robert Laurent Joyce, Wilson, Elser, Moskowitz, Edelman & Dicker, Alan Mansfield, Greenburg Traurig, LLP, Joel M. Cohen, Greenburg Traurig, LLP, Anne Elizabeth Cohen, Debevoise & Plimpton, New York, NY, Lawrence S. Greenwald, Gordon, Feinblatt, Rothman, Hoffberger, Hollander, LLC, Baltimore, MD, Jonann E. Coniglio, Friday, Eldredge & Clark, Little Rock, AR, Michael L. Rice, Jones Day, Dallas, TX, Thomas E. Healy, Pino & Associates, LLP, White Plains, NY, Prescott L. Nottingham, Budd Larner Rosenbaum Greenberg & Sade, Kathleen C. Marchetti, Budd Larner Gross Rosenbaum Greenberg & Sade, P.C., Short Hills, NJ, Jennifer C. Kane, Budd, Larner, Rosenbaum, Greenberg & Sade, Atlanta, GA, Michael J. Zomcik, Tarics & Carrington, PC, Houston, TX, Jeffrey Scott Nelson, Shook, Hardy & Bacon LLP, Kansas City, MO, James Philip Dorr, Wildman, Harrold, Allen & Dixon, Sarah Liddell Olson, Wildman, Harrold, Allen & Dixon, Chicago, IL, William Edward Vita, Gallagher Gosseen Faller Kaplan & Crowle, Garden City, NY, for Defendants.

WEINSTEIN, Senior District Judge.

Plaintiff the City of New York moves (1) to lift the stay of these proceedings; and (2) for leave to file a second amended complaint. The motion is granted for the reasons stated below.

I. *Procedural History*

The City brought this action against defendant manufacturers and importers of handguns and other firearms in June 2000. An amended complaint was filed in September 2000. The complaint asserted a claim of public nuisance alleging that the policies and practices of defendants in manufacturing, marketing, distributing, and selling guns results in substantially increased levels of gun use, crime, deaths, and injuries in New York

City. Between the filing of the amended complaint and September 2001, defendants filed answers and the parties served discovery requests and commenced the exchange of documents.

Due to the terrorist attacks of September 11, 2001 and Corporation Counsels' inability to enter their offices, the case was stayed in December 2001. *See* Order of Dec. 21, 2001, *City of New York v. B.L. Jennings, Inc.* 00 CV 3641 (E.D.N.Y.2001). The stay was continued in May 2002 and again in August 2003. *See* Transcript of May 2, 2002, at 21–26, *City of New v. B.L. Jennings, Inc.* 00 CV 3641 (E.D.N.Y.2002); Order of Aug. 8, 2003, *City of New v. B.L. Jennings, Inc.* 00 CV 3641 (E.D.N.Y.2003).

The basis for continuing the stay was the pendency of two separate appeals, one by the Attorney General of the State of New York in *People of the State of New York v. Sturm, Ruger & Co.*, Index No. 402586/00 (N.Y.Sup. Ct. Aug. 10, 2001) ("*Sturm, Ruger*"), and the other by the National Association for the Advancement of Colored People in *NAACP v. Acusport, Inc.*, 271 F.Supp.2d 435 (E.D.N.Y.2003) ("*NAACP*"). The core allegations in the City's suit were likely to be materially affected by the then-pending appeals in these two cases. Both appeals appear to have now been largely disposed of.

## II. *Lifting the Stay*

A district court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). The decision to grant or lift a stay is within the broad discretion of the court. *See Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997).

There is no reason for continuing to stay these proceedings. The City, by virtue of its motion to lift the stay, indicates it is no longer prevented by the events of September 11, 2001 from continuing with this case. The reason this court continued the stay—the appeal of issues in the *Sturm, Ruger* and *NAACP* cases which might materially affect the City's public nuisance claim—is no longer compelling.

## III. *Amending the Complaint*

The relevant portion of Rule 15(a) of the Federal Rules of Civil Procedure reads: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In exercising their discretion to grant leave to amend, courts "should be guided by the underlying purpose of allowing amendment to facilitate a decision on the merits." 3 Moore's Federal Practice § 15.14[1]; *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

Courts may deny a motion to amend on the basis of undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or futility of the amendment. *Id.* "The Rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad faith." *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir.1993) (citing *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981)). In determining whether prejudice is undue, the court considers whether the amendment "would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; *or* (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350 (emphasis added). "Mere delay [ ] absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Bd.*, 654 F.2d at 851; *see also Middle Atlantic Utilities Co. v. S.M.W. Development Corp.*, 392 F.2d 380, 384 (2d Cir. 1968) (a three and one-half year delay between filing the complaint and a motion to amend, without prejudice or bad faith, was,

standing alone, an inadequate basis to refuse leave to amend).

The City's proposed second amended complaint has the effect of (1) discontinuing claims against those defendants that were not also defendants in the *NAACP* case; (2) extending claims against the gun distributors who were also defendants in the *NAACP* case; (3) advancing factual allegations grounded in the more specific information made available since the September 2000 filing of the first amended complaint; and (4) dismissing the causes of action premised on negligence and the request for monetary damages. The second amended complaint appears to be based purely on an equitable claim for abatement of a public nuisance.

■ Defendants would not suffer undue prejudice as a result of the proposed amendments. Because of the stay, discovery has been minimal. No additional resources, beyond those already contemplated by the original complaint, are required to proceed. The distributor defendants, although newly added as parties to this action, are at no disadvantage. The amended complaint has the effect of conforming the allegations and claims to those advanced in the *NAACP* case; defendants, who were all parties to the *NAACP* case, are intimately familiar with the facts and issues involved and have already engaged in substantial discovery on them.

The delay in making the motion to amend, more than three years since the original complaint was filed, does not warrant denying it. There was good reason for the delay.

IV. *Conclusion*

The stay is lifted and the motion to amend is granted.

SO ORDERED.