Samuel J. SMOLEN, Jr., Plaintiff,

v.

J. BRAUER, E. Prefontaine, Sergeant Zydel, Nurse C. Jordan, and Wende Correctional Facility, Defendants.

6:04–CV–6042 EAW

United States District Court, W.D. New York.

Signed April 15, 2016

Scott P. Rogoff, Paul A. Sanders, Hiscock & Barclay LLP, George G. Mackey, Barclay Damon, LLP, Rochester, NY, for Plaintiff.

Gary M. Levine, New York State Office of the Attorney General, Rochester, NY, for Defendants.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, United States District Judge

## INTRODUCTION

Plaintiff Samuel J. Smolen ("Plaintiff"), an individual currently housed at Sing Sing Correctional Facility, commenced this action on January 30, 2004, pursuant to 42 U.S.C. § 1983, alleging that various defendant employees of Wende Correctional Facility ("Wende") violated his Eighth Amendment rights. (Dkt. 1). Specifically, Plaintiff claims he was subjected to excessive use of force on February 1, 2001, and subsequently denied adequate medical treatment for his resulting injuries. (Dkt. 116 at ¶¶ 16–20).

Presently before the Court is Plaintiff's motion to transfer venue to the United States District Court for the Southern District of New York ("the Southern District"). (Dkt. 186). For the following reasons, Plaintiff's motion is denied.

## PROCEDURAL BACKGROUND

Plaintiff commenced this action pro se on January 30, 2004. (Dkt. 1). Defendants answered the complaint, and the parties proceeded to discovery before Magistrate Judge Marian W. Payson. (Dkt. 19). On December 18, 2007, United States District Judge Charles J. Siragusa appointed Plaintiff pro bono counsel. (Dkt. 102). On September 25, 2008, Plaintiff filed an amended complaint as against Defendants M. Bishop, J. Brauer, R. Brooks, J. Lanier, C. White–Shelton, Zydel, E. Prefontaine, C. Jordan, and Wende Correctional Facility (collectively "Defendants"). (Dkt. 116). Defendants answered the amended complaint (Dkt. 117–125) and the parties continued to participate in discovery before Magistrate Judge Payson.

On October 6, 2010, the Court scheduled a jury trial to commence on May 9, 2011. (Dkt. 147). The Court rescheduled the jury trial to commence on January 23, 2012. (Dkt. 149). On June 13, 2011, the Court terminated Defendants Lanier, White–Shelton, Bishop, and Brooks as parties to the case. The Court referred the case to mediation on July 28, 2011. (Dkt. 153).

On December 29, 2011, the Court reset the jury trial to commence on May 21, 2012. (Dkt. 157). The trial was then rescheduled for October 1, 2012. (Dkt. 158). On September 19, 2012, the Court moved the jury trial to March 4, 2013. (Dkt. 162).

On February 12, 2013, Plaintiffs counsel wrote the Court to request an adjourn-

ment of the trial scheduled to begin March 4, 2013, due to Plaintiffs health condition. (Dkt. 165). According to this letter, Assistant Attorney General Gary Levine did not object to the adjournment request. (*Id.*).

The Court scheduled a status conference to discuss the adjournment of the trial. On May 17, 2013, the Court granted Plaintiff's request to adjourn the status conference pending a status report on Plaintiff's health condition. (Dkt. 168).

On June 4, 2013, Judge Siragusa stayed this action "pending a further report as to Plaintiff's health." (Dkt. 169). On November 8, 2013, Plaintiff's counsel filed a status report indicating that Plaintiff continued to be too ill to appear for trial and requesting a further adjournment of the trial. (Dkt. 170).

This case was transferred to the undersigned on February 18, 2014. (Dkt. 171).

On March 17, 2014, Plaintiff's counsel indicated that Plaintiff continued to be too ill to appear for trial, and asked the Court to continue to adjourn the trial. (Dkt. 173). The Court ordered that the action remain stayed and directed Plaintiff to file a status letter with respect to his health on or before August 29, 2014. (Dkt. 174).

On September 3, 2014, Plaintiffs counsel informed the Court that Plaintiff had been diagnosed with prostate cancer and would need to undergo a series of radiation treatments, which would prevent him from being able to travel to Rochester for trial. (Dkt. 175). Plaintiff requested that the trial continue to be adjourned. (*Id.*). Alternatively, Plaintiff proposed that his case be transferred to the Southern District. (*Id.*). In light of Plaintiffs health condition, the Court continued the stay and required a further status report to be filed on or before June 30, 2015. (Dkt. 176).

On June 15, 2015, Plaintiffs counsel wrote that Plaintiff continued to undergo radiation treatment and indicated that counsel was in the "process of preparing an application for transfer of venue...." (Dkt. 178). The Court ordered that Plaintiffs proposed motion for transfer of venue be filed on or before August 17, 2015. (Dkt. 179). On August 10, 2015, the Court granted Plaintiff an additional 90 days to file his motion in light of the representation that his counsel was having difficulty in obtaining medical records. (Dkt. 181). On November 9, 2015, the Court granted Plaintiff an extension of time to February 17, 2016, to file his motion. (Dkt. 183). Thereafter, the Court granted one final extension of time to April 18, 2016. (Dkt. 185).

Plaintiff filed his motion to change venue on March 14, 2016. (Dkt. 186). On March 28, 2016, Defendants filed papers in opposition to the motion. (Dkt. 188).

## DISCUSSION

### I. Motion to Transfer Venue

■■■ When deciding a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), "[t]he court must first determine whether the action sought to be transferred is one that 'might have been brought'" in the transferee court. Second, the court must determine whether, considering the 'convenience of the parties and witnesses' and the 'interest of justice,' a transfer is appropriate." *Wilshire Credit Corp. v. Barrett Capital Mgmt. Corp.*, 976 F.Supp. 174, 180 (W.D.N.Y.1997) (quoting 28 U.S.C. § 1404(a)). "Motions to transfer venue under 28 U.S.C. § 1404(a) 'lie within the broad discretion of the courts and are determined upon notions of convenience and fairness on a case-by-case basis.'" *WD Encore Software, LLC v. The Software MacKiev Co.*, No. 6:15–cv–6566(MAT), 2016 WL 1056628, at *2 (W.D.N.Y. Mar. 17, 2016) (quoting *In re Cuyahoga Equip.*

*Corp.*, 980 F.2d 110, 117 (2d Cir.1992)). The moving party bears the burden of establishing the propriety of the transfer by clear and convincing evidence. *See Cancel v. Mazzuca,* No. 01 Civ. 3129 NRB, 2002 WL 1891395, at *2 (S.D.N.Y. Aug. 15, 2002).

Plaintiff asks that this case be transferred to the Southern District because he is currently residing there and because his "poor health prevents him from safely travelling to the Western District of New York." (Dkt. 186–3 at 2). Defendants oppose Plaintiff's motion, arguing that the Western District of New York ("the Western District") is the only appropriate venue for this case. (Dkt. 188–1 at 1, 3).

## A. Whether the Action Might Have Been Brought in the Transferee Court

■ "For the purposes of section 1404(a), an action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and if venue would have been proper in the transferee court." *Posven C.A. v. Liberty Mut. Ins. Co.,* 303 F.Supp.2d 391, 401 (S.D.N.Y.2004).

■ The proper venue in a civil action is "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events … giving rise to the claim occurred …; or (3) if there is no district in which an action may otherwise be brought as provided …, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). "For the purposes of venue, state officers 'reside' in the district where they perform their official duties." *Cren-*

*shaw v. Syed,* 686 F.Supp.2d 234, 237 (W.D.N.Y.2010) (quotation omitted).

■ Here, Plaintiff does not dispute, and in fact alleges, that the individual Defendants were each employees of Wende at the time of the alleged incident. (Dkt. 116 at ¶¶ 5–12). Wende is located in the Western District. (Dkt. 188 at ¶ 4). Therefore, for purposes of venue, each Defendant was a resident of the Western District. Additionally, not just a substantial part, but rather all of the underlying events allegedly occurred at Wende, *i.e.,* within the Western District. (Dkt. 116 at 16–20). Accordingly, there is no basis for venue in the Southern District, and Plaintiffs motion to transfer venue must be denied. *See Keitt v. New York,* No. 12 Civ. 2350(PAE), 2013 WL 3479526, at *2 (S.D.N.Y. July 10, 2013) (granting defendants' motion to transfer venue where the state officers performed their official duties in the transferee district and where the underlying events took place at a facility in the transferee district); *Villante v. Vandyke,* No. 04–CV–759 (FJS/DRH), 2008 WL 1809400, at *2 (N.D.N.Y. Apr. 21, 2008) (denying plaintiffs motion to transfer venue where all state officer defendants and the underlying events were located in the proposed transferor district).

## B. Whether the Circumstances of the Case Make Transfer Appropriate

Even if the action might have been brought in the Southern District, Plaintiff has not demonstrated that the circumstances of the case make transfer appropriate.

■ "Among the factors to be considered in determining whether to grant a motion to transfer venue are, *inter alia:* (1) the plaintiffs choice of forum, (2) the convenience of witnesses, (3) the location

of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir.2010) (internal quotation omitted). "Each factor need not be accorded equal weight, and other factors may be considered in the Court's discretion." *WD Encore Software*, 2016 WL 1056628, at *3.

■ Plaintiff contends his poor health is a central factor supporting the transfer of venue. (Dkt. 186–3 at 3). Plaintiff was diagnosed in May 2014 with prostate cancer and subsequently underwent a nine-week radiation treatment plan that Plaintiff claims has caused him to suffer from urge incontinence and "constant discomfort." (Dkt. 186–2 at ¶¶ 4–7; Dkt. 186–3 at 5). In March 2015, Plaintiff experienced a medical event that he characterizes as a stroke. (Dkt. 186–2 at ¶ 9; Dkt. 186–3 at 5). Most recently, Plaintiff was diagnosed with an abdominal hernia and received surgery in January 2016. (Dkt. 186–1 at ¶¶ 26–28; Dkt. 186–2 at ¶ 11; Dkt. 186–3 at 5). Plaintiff argues that "[s]ubstantial travel of any type risks aggravating Plaintiff's medical conditions, as well as putting Plaintiff through unnecessary additional pain and suffering." (Dkt. 186–3 at 5).

Plaintiff provides approximately 100 pages of uncertified, purported medical records from 21st Century Oncology and Montefiore Mount Vernon Hospital. (Dkt. 186–1 at 8–110). While these records reference Plaintiff's various medical conditions, they do not suggest that Plaintiff is unable to travel to the Western District to participate in his civil trial. Noticeably missing from these purported records is any note or affidavit by Plaintiff's treating physician opining that Plaintiff is unable to travel. *Cf. Villante*, 2008 WL 1809400, at *2 (considering a motion to transfer venue in light of notes from plaintiffs doctors indicating extended travel or an extended absence would be inadvisable).

By contrast, A.A.G. Levine proffers that as recently as January and March of 2016, Plaintiff has made one-hour trips from Sing Sing Correctional Facility to Yonkers Supreme Court and Bronx Supreme Court for various court appearances. (Dkt. 188 at ¶ 10). Thus, it appears Plaintiff has been capable of traveling to court dates, albeit for a shorter duration of time than would be required for him to travel to the Western District.

The inconveniences Plaintiff now claims he would suffer if required to travel to the Western District for trial do not outweigh the other relevant factors. Plaintiff commenced this action in the Western District, and all Defendants and likely witnesses reside here. Relevant documents and sources of proof would be located at Wende and nearby medical centers, making the Western District a more convenient forum. Further, as discussed above, the locus of operative facts took place at Wende, in the Western District. Plaintiff's motion to transfer venue is denied.

## II. Lifting of Stay

■ "A district court has the inherent power 'to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants.'" *City of New York v. B.L. Jennings, Inc.*, 219 F.R.D. 255, 256 (E.D.N.Y.2004) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). "The decision to grant or lift a stay is within the broad discretion of the court." *Id.* (citing *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)).

The reason the Court originally imposed and continued the stay of this action is no longer compelling. The Court has accommodated Plaintiff's various requests to adjourn his trial in light of the representation that Plaintiff was diagnosed with cancer and undergoing radiation treatment and that travel to Rochester for trial would be difficult. Plaintiff has now been out of treatment for over one year. While there is no dispute that Plaintiff continues to experience medical complications, Plaintiff has presented no evidence that it would be medically inadvisable for him to travel.

Additionally, although it would be ideal for Plaintiff to be present for his civil trial, there is no requirement that he be present. *See Dorsey v. Regan*, Nos. 6:14–CV–23, 1:15–CV–00859, 2015 WL 5968271, at *2 (N.D.N.Y. Oct. 13, 2015) ("Notwithstanding the constitutional right of access to the courts, an incarcerated plaintiff does not enjoy a constitutional right to be physically present at the trial of his civil claim."); *Woods v. Goord*, No. 01 Civ. 3255(SAS), 2002 WL 31296325, at *8 (S.D.N.Y. Oct. 10, 2002) ("Otherwise stated, prisoners who bring civil actions do not have a constitutional right to personally appear at any stage of the proceedings."). He will be represented at trial by counsel who can present any witnesses and arguments on his behalf.

Considering that this case has been pending since January 2004 and trial-ready since October 2010, and in the interest of effectively managing the Court docket, the stay on this action is hereby lifted. The case is now ready to be scheduled for trial.

## CONCLUSION

For the foregoing reasons, Plaintiffs motion to transfer venue (Dkt. 186) is denied. Additionally, the stay of this action (Dkt. 169) is lifted, and the case is ready to be scheduled for trial. The Court will contact the parties to schedule a status conference for the purpose of selecting a trial date.

SO ORDERED.